UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| TERRY LEE TURNER,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL ACTION NO. 5:11-254-KKC<br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 20; DE 21). Plaintiff Terry Turner brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief of an administrative decision of the Commissioner of Social Security denying his request to amend the onset date of disability for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

The Social Security Act and corresponding regulations provide a five-step sequential process for determining whether a claimant has a compensable disability. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)). If, at any step in the process, the administrative law judge ("ALJ") concludes that the claimant is or is not disabled, then the ALJ can complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof through the first four steps of the analysis; and, at step five, the burden shifts to the Commissioner. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). The claimant must, in order to satisfy his burden of proof, provide sufficient facts to find in his favor. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Turner filed his claim for DIB in September 2005, alleging an onset date of October 8, 2004. (Tr. at 18, 73–77.) The ALJ held a hearing on March 16, 2010, and subsequently issued a decision on April 5, 2010, finding that Turner had established an onset date of April 24, 2006. (Tr. at 281–82.) The Appeals Council denied Turner's request for review (Tr.

2

at 247–50), making the ALJ's decision the final agency decision for purposes of judicial review. *See* 20 C.F.R. § 404.981. Turner appealed to the United States District Court for the Eastern District of Kentucky. (Tr. at 251-56.) When the Social Security Administration could not locate the record of the hearing before the ALJ, the case was remanded to the Appeals Council. (Tr. at 258–63.) The Appeals Council ordered the ALJ to conduct a *de novo* hearing, which was held on November 14, 2012 (Tr. at 266–67; 327–39.) The ALJ subsequently issued a partially favorable decision on December 17, 2012, finding Turner disabled as of October 23, 2006. (Tr. at 14–27.) Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner (Tr. at 9–13), and he now seeks judicial review pursuant to 42 U.S.C. § 405(g).

Turner was fifty-nine years old on December 31, 2010, the date his insured status expired. (Tr. at 21, 73). He had a high school education and had previously worked as a telephone line man. (Tr. at 88, 91.) Turner alleged disability due to degenerative disc disease. (Tr. at 87.)

At the first step, the ALJ determined that Turner had not engaged in substantial gainful activity since his alleged onset date of October 8, 2004. (Tr. at 21.) At the second step, the ALJ determined that Turner had the severe impairment of degenerative disc disease of the lumbar spine. (Tr. at 21.) At the third step, the ALJ concluded that Turner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 21.)

Next, the ALJ reviewed the record to determine Turner's residual functioning capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's

disability. 20 C.F.R. § 404.1545(a)(1). In finding Turner's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (1) daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication; (5) additional treatment; (6) additional measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529; SSR 96-4p, 1996 WL 374187 (July 2, 1996); SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ also considered the relationship between Turner and the doctors providing medical opinions; the supportability and consistency of the medical opinions with the entire record evidence; medical specialization; and other opinion evidence. 20 C.F.R. § 404.1527; SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006); SSR 96-2p, 1996 WL 374188 (July 2, 1996); SSR 96-5p, 1996 WL 374183 (July 2, 1996); SSR 96-6p, 1996 WL 374180 (July 2, 1996). After reviewing all of the record evidence, the ALJ determined that Turner has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (Tr. at 21.)

At the fourth step, the ALJ determined that Turner could not perform his past relevant work as a telephone line man because it required heavy exertion, exceeding his RFC. (Tr. at 25.)

The ALJ then explained that Turner turned fifty-five (55) on October 23, 2006, changing his age category from an individual closely approaching advanced age to an individual of advanced age. (Tr. at 25.) He noted that Turner has at least a high school education and is able to communicate in English. (Tr. at 25.) Next, the ALJ considered the Medical-Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1–3. He found that prior to October 23, 2006, considering Turner's age, education, work experience, and

4

RFC, Medical-Vocational Rule 202.14 directed a finding that Turner was "not disabled." (Tr. at 25–26.) However, beginning October 23, 2006, the date Turner turned fifty-five (55), Medical-Vocational Rule 202.06 directed a finding that Turner was "disabled" considering his age, education, work experience, and RFC. (Tr. at 26.) Thus, the ALJ found that Turner was not disabled prior to October 23, 2006, but became disabled on that date and has continued to be disabled through the date of the decision. (Tr. at 26.)

The ALJ's determination that Turner was not disabled until October 23, 2006 became the final decision of the Commissioner when Turner exhausted his administrative remedies. Turner has filed a timely action in this Court, and this case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). "'The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision[ ]makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

**IV. ANALYSIS**

On appeal, Turner presents two issues for review. First, he argues that the ALJ erred in relying on non-examining physicians' opinions while failing to provide adequate reasons for discounting the opinions of his treating physicians. Second, he contends the ALJ erred in analyzing a physical therapist's report. (DE 20-1 at 6–10.) These issues challenge the ALJ's analysis pursuant to the guidelines in 20 C.F.R. § 404.1527.

Section 404.1527 outlines the requirements for evaluating medical opinion evidence. Subsection C notes that the ALJ will "evaluate every medical opinion" in the record and prescribes guidelines for determining the amount of weight any opinion should receive. *See* 20 C.F.R. § 404.1527(c). Factors relevant to the weight of an opinion include: (1) whether the physician examined the claimant; (2) whether the physician regularly treats the claimant and has an ongoing treatment relationship; (3) whether medical evidence supports the physician's opinion; (4) whether the physician has provided consistent opinions concerning a claimant's alleged disabilities; (5) whether the physician is a specialist in the field related to the claimant's alleged disabilities; and (6) other factors evident in the medical records. *Id.* Importantly, the ALJ must evaluate the record as a whole in connection with "other sources" including testimonial and anecdotal evidence. *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 397–98 (6th Cir. 2014) (citing 20 C.F.R. § 404.1513).

> ### *1. The ALJ did not err in analyzing the treating physicians' opinions or the state agency physicians' opinions.*

The opinions of treating physicians, "medical professionals most able to provide a detailed, longitudinal picture," are *generally* afforded the greatest deference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of

a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). The ALJ can reject the opinion of the treating physician "if good reasons are identified for not accepting it[,]" *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993), and "an exhaustive factor-by-factor analysis" of section 404.1527(c) is not required, *Francis v. Comm'r of Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). *See also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (holding that an ALJ may reject the opinion of a treating physician if the treating physician's opinion is divorced from supporting objective evidence). Additionally, state agency medical consultants "are highly qualified . . . [and] experts in Social Security disability evaluation," 20 C.F.R. § 404.1527(e)(2)(i), and "[i]n appropriate circumstances, opinions from State agency medical . . . consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996).

The first physician, Dr. Nathan Moore, is Turner's primary care physician who provided approximately two years of treatment records. During the course of his treatment of Turner, Dr. Moore provided four opinions of Turner's limitations: (1) on September 2, 2004, Dr. Moore advised that Turner could only perform "light duty (specifically no climbing)" (Tr. at 57); (2) on September 8, 2004, Dr. Moore stated that Turner "is no longer able to climb telephone poles or do heavy lifting. This is a permanent restriction" (Tr. at 55); (3) on November 8, 2005, Dr. Moore limited Turner to lifting no more than 10 pounds with the ability to get up and walk at least every three hours (Tr. at 56); and (4) on March 16, 2006, Dr. Moore limited Turner to lifting and carrying less than 10 pounds, with standing or sitting limited to 10-minute intervals but not more than 1-1.5 hours per workday, and

7

the additional restrictions of crawling or crouching occasionally, but no climbing, balancing, stooping, kneeling or performing overhead work. (Tr. at 170–71.)

The second physician, Dr. Donald Douglas, is a pain management specialist who provided treatment records from February through May 2006. (Tr. at 186–99.) He completed a physical capacities form on March 7, 2006, opining that Turner could lift 15 pounds occasionally and 10 pounds frequently; could stand, walk, and sit in intervals of no more than 30 minutes, performing each up to four hours in a workday; could "never" perform postural activities; and should limit repetitive reaching, especially overhead. (Tr. at 168–69.)

The third physician, Dr. P. Saranga, is a state agency medical consultant who did not treat or examine Turner. Dr. Saranga adopted the findings of Dr. Davis Swan, another state agency medical consultant, who opined that Turner could lift no more than 50 pounds occasionally and 25 pounds frequently; could sit, stand, and walk up to 6 hours in each 8-hour workday; could occasionally stoop, crouch, or crawl but should not climb ladders, ropes, or scaffolds, and should avoid concentrated exposure to vibration. (Tr. at 160–67, 200–07.)

The ALJ afforded "some weight" to Dr. Saranga's opinion to the extent of postural limitations and standing, walking, and sitting restrictions. (Tr. at 24.) The ALJ also gave weight to Dr. Moore's September 2, 2004 and September 8, 2004 opinions that Turner could perform "light duty (specifically no climbing)" and "is no longer able to climb telephone poles or do heavy lifting." (Tr. at 24–25.) But the ALJ discounted Dr. Moore's subsequent opinions further limiting Turner's ability to work and also found Dr. Douglas's assessment too restrictive. (Tr. at 24–25.) In discounting Dr. Moore's more restrictive opinions, the ALJ focused on the lack of objective evidence supporting those findings, while acknowledging

8

other section 404.1527(c) factors elsewhere in his decision. *See* Tr. at 22, 24–25 (noting that Dr. Moore was Turner's primary care doctor who provided treatment records from January 2004 to February 2006). In rejecting Dr. Douglas's assessment, the ALJ noted Dr. Douglas's specialty in pain management and explained that his findings were too restrictive in comparison to the objective evidence—two appropriate factors. (Tr. at 24–25.) He also noted that Turner had visited Dr. Douglas from February to May of 2006. (Tr. at 23.) Because the ALJ provided "good reasons"—including a lack of supporting objective evidence—for discounting Dr. Moore's more restrictive opinions and Dr. Douglas's assessment, the ALJ did not err in discounting their conclusions. *See Bogle*, 998 F.2d at 348; *Combs*, 459 F.3d at 652.

Though Dr. Saranga's opinion is not entitled to the special deference afforded to treating physicians, the ALJ noted that he gave "some weight" to his postural limitations and standing, walking and sitting restrictions. (Tr. at 24.) The ALJ gave appropriate weight to Dr. Saranga's opinion because it is consistent with the record as a whole. *See Reeves v. Comm'r of Soc. Sec.*, No. 14-4140, 2015 WL 4231600, at *7 (6th Cir. July 13, 2015). Here, the record repeatedly shows that Turner suffered from degenerative disc disease. But despite this limitation, the record also indicates that Turner has retained his neurologic and motor function. These limitations were reflected in Dr. Saranga's opinions concerning postural limitations and standing, walking and sitting restrictions[1] and those limitations were incorporated into the ALJ's RFC determination that Turner could perform the full range of "light work." Physician statements that are supported by objective medical evidence and consistent with the record as a whole merit more weight. 20 C.F.R. §

---

[1] Notably, Dr. Saranga opined that Turner had the lifting and carrying capabilities consistent with medium work, but the ALJ did not credit those opinions and reduced plaintiff's RFC to light work. (Tr. at 22–25, 162–68, 200–207.); *see* 20 C.F.R. §§ 404.1567(b), (c).

404.1527(c)(3)–(4). Accordingly, the ALJ did not err in assigning some weight to Dr. Saranga's opinion. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439–40 (6th Cir. 2012) (holding that an ALJ's decision to credit the opinion of a state-agency physician over other medical opinions is appropriate if the ALJ determines that the state-agency physician's opinion is more consistent with the overall record).

### *2. The ALJ did not err in analyzing the physical therapist's report.*

Finally, Turner argues that the ALJ erred by failing to give any weight to the report of a physical therapist who completed RFC testing on him in December 2005. (DE 20-1 at 9.) However, physical therapists are not accepted medical sources under the Social Security regulations. *Compare* 20 C.F.R. § 404.1513(a) (acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists), *with* 20 C.F.R. § 404.1513(d)(1) (medical sources not listed in § 404.1513(a), such as nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists and therapists are considered to be "other sources" rather than "acceptable medical sources"). *See also Nierzwick v. Comm'r of Soc. Sec.,* 7 F. App'x 358, 363 (6th Cir. 2001) (physical therapist's report not afforded significant weight because therapist not recognized as an acceptable medical source). Because physical therapists are not considered acceptable medical sources under the regulations, the ALJ was not required to give any special deference to the physical therapist's RFC findings. Here, the ALJ addressed the physical therapist's opinions, but discounted them because the findings were not supported by objective evidence and because physical therapists are not accepted medical sources. (*See* Tr. at 24–25.) Consequently, the ALJ's conclusion to reject the physical therapist's findings is based upon a correct legal standard and is supported by substantial evidence. *See Lindsley*, 560 F.3d at 604.

## V. CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 20) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 21) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated September 16, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY